**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **PLAINTIFF,** | : | |
| | | **CASE No. 2:10-cr-292** |
| **vs.** | : | |
| | | **JUDGE EDMUND A. SARGUS** |
| **LARRY G. COMER,** | : | |
| **DEFENDANT.** | : | **SENTENCING MEMORANDUM** |

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

The United States hereby submits the following memorandum in aid of sentencing for the

Court's consideration.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Michael J. Hunter
MICHAEL J. HUNTER (0076815)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
michael.hunter@usdoj.gov

1

## MEMORANDUM

The United States concurs with the sentencing recommendations made to this Court by the U.S. Probation Department, and this memorandum urges the Court to accept the agreed-sentence of 120 months incarceration. Because there are no unresolved objections to the Pre-Sentence Report, the guideline calculations, or any unresolved objections to the factual findings therein, the United States writes only to address the application of the factors under 18 U.S.C. § 3553(a).

## I.     ANALYSIS OF THE SENTENCING FACTORS

Courts are directed to impose a sentence sufficient, but not greater than necessary, to meet the goals of sentencing set forth in 18 U.S.C. § 3553(a). In determining the particular sentence to be imposed in the case of any defendant, the Court is directed to consider the seven factors listed in 18 U.S.C. § 3553(a)(1)-(7). Each of those factors as they apply to this case are discussed below.

### A.     18 U.S.C. § 3553(a)(1) and (2):  The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

### 1.     Nature and Circumstances of Offense.

This case is gravely serious not only because it involved the attempted sexual exploitation of what Mr. Comer thought was a 15 year old girl, but also because it is undisputed that in 2005, Mr. Comer was convicted in Clark County Court of Common Pleas of one count of Attempted Unlawful Sexual Intercourse with a Minor, based on his attempting to meet what he believed was a 14 year old girl for sex. Mr. Comer's previous sex offense, and his status as a registered sex offender at the time that he committed this offense, increases the seriousness of his actions in this case because it demonstrates that he continues to engage in predaceous conduct, even after a prior conviction.

Simply put, Mr. Comer has committed a second predatory offense and exhibited the kind of behavior which Congress has identified as a compelling public safety concern.

2

**History and Characteristics of the Defendant**:

Probation has recommended, and the United States does not dispute, a Criminal History Category of I.  The United States argues that given the fact that his prior conviction was for a sex offense, that categorization is misleading, but that this point is largely moot given that a sentence of at least 120 months is mandatory for a violation of 18 U.S.C. § 2422(b).  Stated plainly, Mr. Comer must simply lie in the bed he has made.  His offense here warrants the lengthy sentence of incarceration that Congress has established as a mandatory minimum.

> **B.**   **18 U.S.C. § 3553(a)(2):  The need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the defendant; and (D) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.**

**The seriousness of the offense**:

The statutory mandatory minimum of 10 years, and the increased statutory maximum penalty of  up to 20 years  incarceration,[1] demonstrate that this is unquestionably a serious offense, made even more serious by Mr. Comer's prior offense of conviction.

---

[1] By virtue of Mr. Comer's agreement to plead guilty, the United States has agreed not to pursue a possible consecutive 10 year enhancement based on his sex offender status per 18 U.S.C. § 2260A.  Penalties for registered sex offenders and dismiss the remaining charges in the indictment.  Thus, Mr. Comer has already substantially benefitted from this plea agreement. .  See United States v. Alvarado, 615 F.3d 916, 925 (8th Cir. 2010) (holding that in determining a sentence, the district court did not consider an inappropriate or irrelevant factor by considering the benefit the defendant received from the government's charging decision); United States v. Jimenez-Gutierrez, 491 F.3d 923, 928 (8th Cir. 2007) ("[A] court may take into consideration the benefits of a plea agreement, the facts surrounding uncharged conduct, or the benefits of lenient charging decisions in fashioning a sentence . . . .).  See also United States v. Mack, 452 F.3d 744, 745-46 (8th Cir. 2006) (holding that, in sentencing a defendant for his sexual abuse of a minor, the sentencing court could consider the defendant's possession of child pornography where the pornography was related to the abuse and the government had originally indicted defendant for abuse and possession, but the government had dismissed the possession charge during the plea process).

3

**Specific and General Deterrence:**

Sentencing Mr. Comer to a minimum of 120 months will incapacitate and hopefully deter him from attempting future acts of sexually exploiting additional children. Additionally, the United States argues that such stiff sentences may serve to deter other potential defendants by sending a clear message: Individuals who engage in this criminal conduct directed at children within the Southern District of Ohio, particularly registered sex offenders, are going to face the lengthy prison sentences envisioned by Congress and anticipated by the Sentencing Commission for these type of offenses.

**Protection of the public:**

Mr. Comer will, of course, be incapacitated for the lengthy sentence of incarceration mandated by Congress. Additionally, Congress requires a minimum-mandatory period of 60 months supervised release. Mr. Comer will also be required to continue to register as a sex offender and to allow monitoring software to be installed on any computer he owns or has access to at the direction of the probation department. The United States argues that based on his behavior in this case, the potential danger Mr. Comer poses to the public even after his release justifies an extended period of supervised release of 10 years, along with the special conditions recommended by the Probation Department.

The United States also will recommend to the Court that it impose the additional condition that Mr. Comer be prohibited from having any contact with minor children, other than in connection with his or a child's employment in a public and commercial setting such as a restaurant or retail establishment; unless, accompanied by an adult aware of his prior conviction and his conditions of supervised release, and that he be prohibited from loitering where minor children congregate.

4

**Training, medical care and correctional treatment**:

If Mr. Comer is willing to participate, the United States urges the Court to recommend Mr. Comer be placed into a facility which provides sex offender treatment. There are a number of Bureau of Prison institutions which provide Sex Offender Management Program (SOMP) or Sex Offender Treatment Programs (SOTP). The only residential SOMP is located at FMC Devens in Massachusetts, and upon information and belief, is limited to 112 bed spaces. However, the BOP also has non-residential SOTPs at USP Marion (IL), USP Tucson (AZ), FCI Seagoville (TX), FCI Petersburg (VA), and FCI Marianna (FL), which provide 6 month non-residential treatment programs. The United States urges the Court to recommend Mr. Comer be placed at one of the above-listed facilities.

**C.      3553(a)(3)and (4): Kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines**

**Kind of sentences available**

18 U.S.C. § 2422(b) provides for a mandatory minimum sentence of 120 months incarceration; therefore, a prison sentence is the only sentence that can be imposed in this case.

**The sentencing range established by for the offense**:

The United States does not dispute the Probation Department's determination that the application of the sentencing guidelines results in range of 120 months.

**D.      Imposition of Period of Supervised Release**

18 U.S.C. § 3583(k) provides that "the authorized term of supervised release . . . for any offense under section . . . 2422 . . . is any term of years not less than 5, or life." The United States argues that given Mr. Comer's conduct in this case, and his prior record, the imposition of a period of ten (10) years supervised release is appropriate in this case.

**E.**     **18 U.S.C. § 3553(a)(6) and (7):  The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.**

**The need to avoid unwarranted sentencing disparities.**

The United States argues that imposing a sentence of at least the statutory minimum will yield a sentence and result consistent with the seriousness Congress has ascribed to the offense of enticement or coercion of a minor.

**Restitution**

The United States does not seek restitution in this case.

## CONCLUSION

The United States respectfully recommends that the Court accept the plea agreement sentence Mr. Comer to a term of incarceration of at least 120 months, followed by a 10 year term of supervised release with the special conditions recommended by the Probation Department, and the additional condition that Mr. Comer be prohibited from having any contact with minor children, other than in connection with his or a child's employment in a public and commercial setting such as a restaurant or retail establishment unless accompanied by an adult aware of his prior conviction and his conditions of supervised release, and that he be prohibited from loitering where minor children congregate.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Michael J. Hunter
MICHAEL J. HUNTER (0076815)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
(614) 469-5715
Michael.Hunter@usdoj.gov

6

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served electronically this day of May 16th, 2011, upon counsel for Mr. Comer, Jon Paul Rion, Esq.

s/Michael J. Hunter
MICHAEL J. HUNTER
Assistant United States Attorney